UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH JENNINGS,

                        Plaintiff,

        -against-                                    9:02-CV-1405
                                                      (LEK/RFT)

JOSEPH CICIARELLI, MCDERMOTT,
AMORA, JOHN DOE (ONE), JOHN DOE
(TWO), Deputy U.S. Marshals, DED GLOE,
Chief Deputy U.S. Marshal, and
DEPARTMENT OF JUSTICE,

                        Defendants.
_____

## DECISION AND ORDER

        This matter comes before the Court following a Report-Recommendation filed on March 26,

2008 by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. §

636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 81).  After ten

days from the service thereof, the Clerk has sent the entire file to the undersigned, including the

objections by Defendants, which were filed on April 9, 2008.  Objections (Dkt. No. 82).

        It is the duty of this Court to "make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  Id.  This Court has considered the objections and

has undertaken a de novo review of the record.  Having done so, the Court finds it appropriate to

approve the Report-Recommendation insofar as it recommends granting Defendants' Motion for

summary judgment as to Plaintiff's deliberate indifference claim.  The Report-Recommendation also recommends denying summary judgment as to Plaintiff's excessive force claim.  For the reasons stated below, the Court does not approve the latter recommendation.  Instead, the Court finds that Defendants are also entitled to summary judgment on the excessive force claim. Accordingly, the Amended Complaint is dismissed in its entirety.  See Am. Compl. (Dkt. No. 47).

## A.  Federal Agency Immunity

Before addressing the substance of Plaintiff's claims, the Court must address a threshold jurisdictional matter.  Plaintiff names the U.S. Department of Justice as a defendant in this action. See id.  In contrast to 42 U.S.C. § 1983 claims, which in narrow circumstances may be maintained against a government entity, the Supreme Court has created an absolute bar to federal agency liability for the unconstitutional conduct of federal employees.  See F.D.I.C. v. Meyer, 510 U.S. 471, 483-486 (1994); Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).   Therefore, Defendant U.S. Department of Justice is entitled to dismissal from the case.

## B.  Excessive Force Claim

Plaintiff alleges that Defendants engaged in the malicious use of force against him in violation of his Eighth Amendment rights.  See Am. Compl. ¶ 29 (Dkt. No. 47).  This claim cannot survive summary judgment because Plaintiff fails to proffer evidence of a triable issue with regard to the objective element of an excessive force claim.

 "The appropriate test under the Eighth Amendment involves both subjective and objective elements."  Blyden v. Mancusi, 186 F.3d 252, 262 (1999).  "The subjective element is that the defendant must have had the necessary level of culpability, shown by actions characterized by 'wantonness.'"  Id.  "[T]he 'wantonness' inquiry turns on 'whether force was applied in a good-faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. (quoting

Hudson v. McMillan, 503 U.S. 1, 7 (1992)).  By averring that the force used against him by the

marshals after he was ordered removed from Chief Judge Howard G. Munson's courtroom for

disrupting proceedings was in bad faith, Defendant has demonstrated a dispute of material fact over

this element of an excessive force claim.

        With regard to the objective component of an excessive force claim, the Second Circuit has

remarked that "certain actions, including the malicious use of force *to cause harm*, constitute Eighth

Amendment violations per se.  'This is true whether or not *significant* injury is evident.'"  Blyden,

186 F.3d at 263 (quoting Hudson, 503 U.S. at 8) (emphasis added) (internal citation and parentheses

omitted).  In the Report-Recommendation, the Magistrate Judge appears to have interpreted this

standard to mean that *any* malicious use of force is an Eighth Amendment violation.  See Report-

Rec. at 13-14 (Dkt. No. 81).  This view ignores the phrase "to cause harm."  Similarly, Hudson

asserts that "significant" injury need not be demonstrated in an Eighth Amendment excessive force

case, in contrast to an Eighth Amendment deliberate indifference case, but it does not state that *no*

injury is required.

        If an excessive force claim did not require any showing of harm, this would effectively

eliminate the objective element from Eighth Amendment claims brought under this theory.  To the

contrary, precedents binding on this Court consistently recognize an objective element to excessive

force claims that requires a discrete analysis.  See, e.g., Blyden, 186 F.3d at 263; Hudson, 503 U.S.

at 8; Sims v. Artuz, 230 F.3d 14, 21-22 (2d Cir. 2000) (motion to dismiss); U.S. v. Walsh, 194 F.3d

37, 47-48 (2d Cir. 1999).  For instance, also in Hudson, the Supreme Court stated, "[t]he Eighth

Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from

constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (citations omitted). Therefore, the instant excessive force claim does not require "significant" injury, but it does require evidence of harm, not merely evidence of *de minimis* force.

With this standard in mind, the court turns to the evidence in this case. Since this is a summary judgment Motion, Plaintiff cannot merely rest on the assertions in his Amended Complaint. At the outset, the Court notes that Plaintiff averred that he requested and was not provided with medical care on the day of the alleged incident and two days later. With this in mind, the Court was inclined to be extremely generous to Plaintiff in analyzing the objective element of the claim. This is because the Court, while finding no evidence that care was withheld here, recognizes the importance of avoiding the creation of an incentive to withhold care, or even the perception of such an incentive. Such an incentive might occur if government officers were able to thwart an excessive force claim merely by preventing the creation of a paper trail that demonstrated harm had been inflicted on a prisoner. However, in this case, Plaintiff is defeated not because of an absence of  medical evidence in the aftermath of the alleged abuses, but because there is significant, reliable medical evidence in the record that fails to suggest anything other than, at most, *de minimis* injury.

To begin with, the medical records submitted by Defendants demonstrate that approximately two hours after the alleged incident on January 4, 2000, Plaintiff was seen by a nurse in a routine appointment for diabetic flow monitoring. See Exh. F., Def. MSJ Mem. This treatment is recorded in a diabetes treatment chart and does not note any visible or reported injury. This alone may not be enough to support summary judgment for Defendants, since Plaintiff also filled out a sick call

4

request on January 4 and January 6 indicating that he had been beaten by the marshals but apparently was not examined on those days.  Id.  Subsequently, on January 7, Plaintiff himself filled out a health form when he was transferred to FCI Otisville, and stated that "Except for diabetes I am in good health."  Id.  This form also queried for "pain or pressure in chest," which Plaintiff marked "no."  Id.  Other specific questions asked about back pain and a litany of other ailments, all of which were marked "no."  Id.  Plaintiff signed the form indicating it was "true and complete to the best of my knowledge."  Id.  These statements, made three days after the alleged abuses, surely undermine Plaintiff's allegation that he suffered greater than *de minimis* injury.  Also, Plaintiff's back was x-rayed, at his request, on January 12, and this revealed no abnormalities.  See Exh. E, Def. MSJ Mem.  On January 31, Plaintiff was examined upon complaining of back pain, allegedly caused by the marshals, and the treatment chart indicates "no deformities, ambulatory, good ROM, able to touch toes w/o difficulty, normal gait.  NAD."  Exh. F, Def. MSJ Mem.  Plaintiff was prescribed ibuprofen.  Id.

In light of this evidence, there is simply no genuine issue as to whether Plaintiff suffered a cognizable injury.  Viewed collectively, the combination of evidence is more problematic for Plaintiff than any of the individual pieces of evidence, though none suggest the requisite injury.  The fact that Plaintiff made a sick call request on January 4 and 6 but did not receive treatment on those days from someone other than the diabetes nurse weighs in Plaintiff's favor to some extent.  However, the proposition that Plaintiff received more than *de minimis* injury on January 4 is simply too dubious when weighed against the combined evidence that the nurse who visited him two hours after the alleged incident did not note any injuries, and Plaintiff himself filled out a comprehensive medical self-report on January 7 and reported he was in good health except for diabetes.  The

additional medical evidence also suggests Plaintiff did not suffer a cognizable injury.  Therefore, Defendants are entitled to summary judgment as to the excessive force claim.

The Court need not discuss Defendants' other objections to the Report-Recommendation because the above discussion, combined with the portions of the Report-Recommendation that the Court is adopting, disposes of the Amended Complaint in its entirety.

**C. Plaintiff's Request for Counsel**

In a letter received by the Court on April 22, 2008, Plaintiff requested the appointment of counsel, citing Defendants' request for oral arguments related to their objections to the Report-Recommendation.  See Letter Request (Dkt. No. 87).  In the interim, no action has been taken on this case.  In light of this Order dismissing the case, the request is denied.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 81) is **APPROVED IN PART** and **ADOPTED IN PART**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 76) is **GRANTED**; and it is further

**ORDERED,** that Plaintiff's Letter Request for the appointment of counsel (Dkt. No. 87) is **DENIED;** and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     July 30, 2008
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

6